IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

Trustees of the Chicago Regional    )
Council of Carpenters Pension       )
Fund, et al.,                       )
                                    )
               Plaintiffs,          )
                                    )
          v.                        )   No. 13 C 7560
                                    )
Otis Construction Company and       )
Glenn Otis, Jr.,                    )
                                    )
               Defendants.          )

                MEMORANDUM OPINION AND ORDER

     J. Glen Otis, Jr. ("Otis"), one of the two defendants in this ERISA action brought by several employee benefit funds (collectively "Funds"),[1] has filed what he labels as an "Answer and Affirmative Defenses to Complaint." After this Court had received that filing and had dictated the original version of this opinion, it received a virtually identical pleading filed by counsel representing co-defendant Otis Construction Company, Inc. ("Company") -- a pleading that cleared up the mystery as to what document Otis had tapped into as the source of all of the errors that this Court had previously ascribed to him individually. Because both of those purported responsive pleadings are a near disaster, this memorandum opinion and order is issued sua sponte

---

[1] It would appear most likely that Otis has an (or perhaps the) ownership interest in Company, although the absence of any allegation to that effect in Funds' Complaint has made it unnecessary for Otis to speak to that issue.

to strike the pleadings in their entirety and to call for suitable substitutes.

In crafting what follows, this Court -- then aware of only Otis' personal filing -- originally thought of beginning with Alexander Pope's famous aphorism in Part II of his <u>Essay on Criticism</u>:

> A little learning is a dangerous thing.

But it now seems the Pope aphorism might more appropriately be applied to Company's counsel, while its application to Otis himself should perhaps be expanded by adding "No knowledge is even more dangerous" -- or perhaps Oscar Levant's autobiographical title <u>A Smattering of Ignorance</u> would provide the best description.

Labels aside, however, it is time to turn to specifics. To begin with nonlawyer Otis' filing, he cannot also represent Company, though he can of course act pro se -- solely for himself. That calls for striking the portion of his existing pleading that he advances on behalf of Company, and this Court so orders.

All of the remaining matters dealt with in this opinion are deficiencies both on Otis' part as a pro se pleader and on the part of Company's counsel. This opinion will deal with them in the sequence in which those flaws first appear in the pleadings.

To begin with, Company's counsel and Otis have somehow

acquired the notion that what they choose to label as "conclusions of law" require no response (see each Answer's ¶¶ 1, 6, 7 and 9 through 13). That is flat-out-wrong (see App'x ¶ 2 to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Even worse, both pleaders have totally misused (perhaps "abused" would be a better term) even that mistaken view -- there is no legitimate reason for their failure to comply with Fed.R.Civ.P. ("Rule") 8(b)(1)(B) by providing a forthright answer to each of the unanswered allegations (their failures to do so as to Complaint ¶¶ 1, 6, 7 and 11 through 13 are particularly egregious).

Next, both pleaders are obviously aware of the disclaimer that is made available under appropriate circumstances by Rule 8(b)(5) (see each Answer's ¶¶ 1, 2, 7, 12 and 13), but in their attempt to invoke that provision they have failed to follow the path that it clearly marks out by substituting their own inaccurate paraphrase (see App'x ¶1 to State Farm v. Riley). And they then compound that error by adding to that revised disclaimer the phrase "and therefore denies the same."

Even when a pleader sets out a properly-stated disclaimer pursuant to Rule 8(b)(5) to get the benefit of a deemed denial, such a denial is oxymoronic. And where as here the disclaimer omits the key term "belief" and asserts instead that the pleader "is without knowledge or information sufficient to admit or deny

3

the allegation of paragraph --" of a complaint, the phrase "and therefore denies the same" is just as oxymoronic. Such a denial clearly flouts Rule 11(b). Accordingly the last-quoted phrase is stricken wherever it appears in either Answer.

Next, each Answer ¶3 responds to an allegation about agreements that both Otis and Company acknowledge that the latter entered into with the Chicago Regional Council of Carpenters by stating "that the terms and conditions of any such agreements speak for themselves." Not so -- see App'x ¶ 3 to State Farm v. Riley. And with both pleaders having acknowledged the execution of Trust Agreements as alleged in the Complaint, each Answer's ¶ 13 is in direct contradiction of the "speaks for itself" assertion.

Finally, neither pleader fares any better with his or its purported ADs. As for the operative standards that govern ADs, see App'x ¶ 5 to State Farm v. Riley. And in particular:

    1. AD 1 is simply bunk in light of the allegations in Funds' Complaint, which the law teaches have to be credited for that purpose.

    2. Otis' AD 2 violates the fundamental principles of notice pleading that apply to federal plaintiffs and defendants alike. If Otis really believes that Funds have failed to meet any conditions precedent, he must flesh that out rather than advancing a vague generic position.

4

Everything that has been said up to here points to the striking of both Answers and their ADs, and this Court so orders. Both Otis and Company are granted until January 13, 2014 to fashion and file self-contained Answers in proper form, failing which they will be treated as having defaulted. Lastly, each pleader's entire effort plainly appears to have violated Rule 11(b). Accordingly this Court exercises its prerogative to order both Otis and Company's counsel to show cause why the matters described here have not violated that Rule, after which this Court will consider what if any sanctions are appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Dated:   December 27, 2013